### 73317. THOMPKINS v. THE STATE.
(351 SE2d 475)

BIRDSONG, Presiding Judge.

Clarence L. Thompkins, a/k/a "Boo Boo," was convicted of the sale of cocaine and appeals.

1. The State presented the testimony of an undercover police agent that he purchased $30 worth of cocaine from appellant. Appellant contends that the trial court committed reversible error at the time of his arraignment by denying his motion for funds to hire an investigator to aid in the preparation of his case, arguing that the need to locate a witness known as "Hashman" who was accompanying the undercover agent at the time of the transaction was critical to his defense. The colloquy between the trial judge and defense counsel shows that appellant was provided ample opportunity to establish the necessity for compensated investigative services. However, he "demonstrated neither need for an investigator nor harm arising from the denial of his motion for funds to hire [one]." *Ennis v. State,* 249 Ga. 222 (2) (290 SE2d 50). "The grant or denial of a motion for funds to employ an investigator lies within the sound discretion of the trial judge and his findings will not be overturned on appeal in the absence of a showing of an abuse of discretion. [Cit.] We have found no abuse of discretion." *Lassiter v. State,* 175 Ga. App. 338, 339-340 (3) (333 SE2d 412).

2. During the voir dire examination, after a panel of 42 prospective jurors had been qualified and questioned individually by both counsel, the jurors were asked to stand and state certain information about themselves and were accepted or rejected under the procedure subscribed to in *Gunter v. State*, 237 Ga. 469 (1) (228 SE2d 854). When the judge asked the clerk about halfway through the selection process how many peremptory strikes remained for each party, the clerk responded that the district attorney had used his tenth and final strike. After the next juror was accepted by defense counsel, the district attorney stated that he had used only nine peremptory strikes and had one juror excused for cause. When the clerk's mistake was verified, the court allowed the State to question the last seated juror, after which the district attorney exercised his tenth peremptory strike and excused this juror. Appellant then moved for mistrial on the ground that under OCGA § 15-12-166 after acceptance by both the State and the defense a juror must be sworn, because only the defendant can strike a juror after discovering the State is willing to accept him. See *Sakobie v. State*, 115 Ga. App. 460 (2) (154 SE2d 830). Appellant contends on appeal that the improper selection of a jury is more than a mere irregularity, and that he is entitled to a new trial because the court did not follow the correct statutory procedure.

We are unable to agree. While this precise question has apparently never been raised in this state, our Supreme Court in addressing the question of whether the State was erroneously allowed an additional strike in *Whittington v. State*, 252 Ga. 168, 174 (3) (313 SE2d 73), quoted a North Carolina case with approval: "It is well established that the system by which juries are selected does not include the right of any party to select certain jurors but to permit parties to protect themselves against prejudice by allowing them to exclude unacceptable jurors. Defendant has no vested right to a particular juror. [Cit.]" On the other hand, the State was entitled to exercise all of its statutorily allotted strikes prior to impanelment of the jury. "A substantial compliance with any statutory requirement . . . on the part of public officers, shall be deemed and held sufficient, and no proceeding shall be declared void for want of such compliance, unless expressly so provided by law." OCGA § 1-3-1 (c). Cf. *Lumpkin v. State*, 255 Ga. 363 (1) (338 SE2d 431). The action of the trial court in correcting the clerk's inadvertent mistake was clearly intended only to preserve the strikes allowed the State by OCGA § 15-12-65. "The defendant was tried by lawful jurors, none of whom [was] objected to by him, in so far as is disclosed by the record. We cannot say that the court abused its discretion in refusing a new trial on the ground here urged." *Dodys v. State*, 73 Ga. App. 483, 487 (1) (37 SE2d 173). Cf. *Favors v. State*, 173 Ga. App. 567 (2) (327 SE2d 543). Accord *State v. McKenna*, 224 SE2d 537, 545 (4) (N.C. 1976); *State v. Harris*, 194

SE2d 796 (N.C. 1973) (cert. den., 414 U. S. 850 (94 SC 143, 38 LE2d 99)). See generally 47 AmJur2d 835, § 256; Annot., "Peremptory Challenge After Acceptance of Juror," 3 ALR2d 499, 513, § 8 (1949).

3. Appellant asserts that the trial court erred in failing to grant a mistrial after defense counsel was required to exercise his final peremptory challenge without benefit of a voir dire examination of four additional veniremen called by the trial court to replace prospective jurors who were removed for cause from the original panel. He argues that because he had to challenge the forty-third juror without the opportunity of knowing who the next one would be he was deprived of the benefit of comparing the prospective jurors, and that this procedure was in violation of OCGA § 15-12-160.

On the contrary, however, the statute requires only that no less than 42 veniremen be impaneled, and expressly authorizes the presiding judge to summon such additional "members of persons who are competent jurors as may be necessary to provide a full panel." See in this connection, *Bankston v. State*, 169 Ga. App. 955, 956 (1) (315 SE2d 671). "[Appellant] makes no contention that the persons selected were not competent veniremen properly drawn to sit on the panel. A defendant is entitled to an array of properly drawn, impartial jurors to which he may direct his peremptory challenges. A party is entitled to this as a matter of right; but, conversely, he is entitled to no more. *Rucker v. State*, 135 Ga. App. 468 (2) (218 SE2d 146). The trial court did not err in calling replacement veniremen from the jury list [as necessary to provide a full panel.]" *Dampier v. State*, 245 Ga. 427, 433 (9) (265 SE2d 565). Cf. *Hall v. State*, 254 Ga. 272 (3) (328 SE2d 719).

*Judgment affirmed. Banke, C. J., and Sognier, J., concur.*

DECIDED NOVEMBER 13, 1986 —
REHEARING DENIED DECEMBER 5, 1986 — 

*Edward J. Coleman III*, for appellant.
*Sam B. Sibley, Jr., District Attorney*, for appellee.