## S97A0822. HARRIS v. THE STATE.
### (490 SE2d 96)

HUNSTEIN, Justice.

Ian Dwight Harris and his co-defendant, Demond Johnson, robbed and shot to death Dr. Cesar Garcia in front of his wife and children as the family was exiting their vehicle in the parking lot of an Atlanta motel. This Court affirmed Harris' convictions for murder and armed robbery, but reversed and remanded the case to the trial court on Harris' claim of ineffective assistance of counsel. *Johnson v. State*, 266 Ga. 775 (9) (470 SE2d 637) (1996). Harris now appeals the trial court's order finding he received effective assistance of trial counsel. Because the trial court's ruling was not erroneous, we affirm.

Harris contends that his trial counsel provided ineffective assistance of counsel because counsel failed to consult with him about his *Jackson-Denno* hearing; failed to investigate or object to introduction of similar transaction evidence; failed to interview and cross-examine State witnesses; refused to present evidence of Harris' good character; and declined to negotiate a plea with the State. To prevail on his claim of ineffectiveness, Harris was required to show that counsel's performance was deficient and that the deficient performance prejudiced Harris' defense. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). There is a strong presumption that counsel's conduct fell within the broad range of professional conduct. *Roberts v. State*, 263 Ga. 807 (2) (439 SE2d 911) (1994). The trial court's ruling that counsel's performance did not fall below an objective standard of reasonableness and that Harris failed to show a

reasonable probability that the result would have been different but for the alleged errors must be upheld unless those findings are erroneous.

Evidence was adduced from which the trial court was authorized to conclude that counsel adequately consulted with Harris on his testimony at the *Jackson-Denno* hearing.[1] Harris cannot show that counsel's failure to interview the similar transaction witnesses prejudiced the defense[2] given this Court's determination in *Johnson v. State*, supra at (6), that the similar transaction evidence was properly admitted. The trial court was authorized to find that counsel adequately interviewed witnesses[3] and decided pursuant to a legitimate trial strategy not to cross-examine the victim's wife and children[4] or introduce evidence of good character.[5] Finally, the trial court was authorized to find that counsel did not pursue a negotiated plea because neither Harris nor the prosecution was interested.[6]

It cannot be said that the conduct of Harris' defense counsel fell outside the wide range of reasonable professional judgment or that his counsel's performance prejudiced his defense. See *Roland v. State*, 266 Ga. 545 (2) (468 SE2d 378) (1996). The trial court did not err by denying Harris' motion for a new trial based on alleged deficiencies in the assistance he was rendered by trial counsel.

*Judgment affirmed. All the Justices concur.*

---

[1] Harris claims that had counsel consulted with him, counsel could have challenged the admissibility of his statement because it was made while Harris was under the influence of medication he was given at the jail after a fight and also because it was induced by threats from the police. The only evidence that counsel failed to consult adequately with Harris came from Harris himself; the trial court specifically found Harris' testimony unworthy of belief. Counsel testified he talked with Harris the day before the hearing about his testimony and discussed the fact that counsel had been unable to substantiate Harris' claim his statement had been made under the influence of medication even though counsel had subpoenaed records and interviewed jail medical staff in an effort to confirm the claim. The transcript of the *Jackson-Denno* hearing reveals that the officer who took the statement testified that Harris was not under the influence of drugs and that counsel asked the officer whether threats over Harris' mother losing her job were made to Harris by the police.

[2] Counsel testified that the similar transaction witnesses either were not available to be interviewed or declined to speak with him, but that he reviewed the State's file on the similar transaction and visited the crime scene.

[3] Counsel testified that he reviewed the State's list of potential witnesses, determined which ones were likely to be called, interviewed ten witnesses on the list, and read the written statements of others.

[4] Counsel testified that because of the effect these witnesses were having on the jury, he concluded that any cross-examination could only further harm Harris' defense.

[5] Counsel testified that opening the door to Harris' character would have "given the D.A. the latitude to stomp all over us."

[6] Counsel testified that he discussed pleas with Harris but that Harris would not consider making a plea. Counsel also testified that the prosecution informed him twice that there was no possibility the case would not go to trial.

414

*Paul J. McCord,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.