A00A0033. SHELNUTT et al. v. THE STATE.
(531 SE2d 122)

JOHNSON, Chief Judge.

A jury found Rodney Shelnutt and his brother, Joe Shelnutt, guilty of aggravated assault. Arguing that the evidence was legally insufficient to support the verdicts and that their trial counsel was ineffective in several particulars, they appeal from the judgments of conviction entered upon the jury's verdicts.

1. The Shelnutts challenge the sufficiency of the evidence to support their convictions, arguing each had an alibi and there was no physical evidence supporting the verdicts. On appeal, this court does not weigh the evidence or determine the credibility of witnesses. Rather, we determine if the evidence is legally sufficient by deciding whether, viewed in a light most favorable to support the verdict, a rational trier of fact could find all the essential elements of the

crimes charged beyond a reasonable doubt.[1]

Viewed in this light, the evidence presented at trial shows that the victim went to sleep in a car outside his son's residence. His son, Donnie Queen, and Donnie's girlfriend, Abbey Daniel, were involved in a domestic dispute. Rodney and Joe Shelnutt, brothers of Daniel, approached his car and woke him by yelling, cursing and threatening him. Rodney Shelnutt had a shotgun and shot into the victim's car. At least one shotgun blast hit the car, and pellets fell on both sides of the victim. Joe Shelnutt had a pistol which he shot at least twice. Although it was night, the victim clearly saw the actions of Rodney and Joe Shelnutt because the street was well lit. The victim left the scene after the assault and later showed a police officer the damage done to the car.

The daughter of the victim was inside the home at the time of the incident. From a window in the house, she saw Rodney and Joe Shelnutt drive into the driveway. She saw Rodney Shelnutt shoot at her father's car and Joe Shelnutt shoot his pistol into the air.

Both Rodney and Joe Shelnutt presented alibi witnesses. The jury, not this court, assesses the credibility of witnesses. Though there was a conflict in the evidence, we find sufficient evidence for a rational trier of fact to find both Rodney and Joe Shelnutt guilty of aggravated assault beyond a reasonable doubt.[2] The trial court did not err in denying the Shelnutts' motion for new trial on this ground.

2. The Shelnutts contend their trial counsel was ineffective because he failed to question them about and advise them of a possible conflict of interest in one attorney representing both of them. First, the evidence does not show that there was any such conflict in the present case. Rodney and Joe Shelnutt had separate and distinct alibi defenses, and their testimony regarding the fact that they were not present at the scene was consistent. Moreover, their trial counsel testified at the motion for new trial hearing that he thoroughly discussed any potential conflict of interest with both Rodney and Joe Shelnutt prior to trial. According to trial counsel:

> They assured me that what they had represented to me was the factual situation in the case. They assured me that there was not going to arise any situation where their testimony was going to be contradicting each other, and they assured me that they wanted me to represent both of them.

A defendant who does not raise an objection at trial must demon-

---

[1] See *Jackson v. State*, 239 Ga. App. 77 (1) (519 SE2d 746) (1999).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lewis v. State*, 215 Ga. App. 161, 163 (3) (450 SE2d 448) (1994).

strate that an actual conflict of interest adversely affected his lawyer's performance or his decision whether to plead guilty.[3] Here, the Shelnutts argue that an actual conflict existed because one brother was offered a plea bargain while the other was not. However, the record clearly shows that plea offers were presented to both brothers and that these plea offers were made with both brothers present. The trial court's decision that the Shelnutts received effective assistance of counsel in this regard was not clearly erroneous.[4]

3. The Shelnutts claim their trial counsel was ineffective in failing to request jury charges for the lesser included offenses of reckless conduct and assault. We disagree.

The Shelnutts argue that their trial attorney failed to consult with them on the tactical decision to go to the jury on an "aggravated assault or nothing" posture. While defense lawyers should consult fully with defendants in determining whether to request lesser included offenses, the failure to follow this crucial practice in every case does not constitute ineffective assistance of counsel as a matter of law.[5] The decision of whether to seek the submission to the jury of lesser included offenses "is often based on legal complexities only the most sophisticated client could comprehend, not unlike the tactical decisions involved regarding the assertion of technical defenses."[6] The relevant inquiry is " 'what is the consequence when that practice has not been followed.' "[7]

In the present case, the Shelnutts' trial counsel consulted with the Shelnutts several times and knew from those consultations that the Shelnutts desired to present alibi defenses. According to trial counsel, "my clients informed me that they were not guilty of anything and that was how they wanted to plead. . . . [T]heir defense was that they weren't there, and they consistently took the position that they weren't there." All of the witnesses named by the Shelnutts as witnesses who would testify on their behalf were witnesses supporting their alibi defenses. In fact, the strength of the Shelnutts' beliefs was reflected in the fact that trial counsel testified he encouraged the Shelnutts to enter a plea to lesser included offenses, and they chose to reject his advice. At the hearing on the motion for new trial, trial counsel testified as follows:

Sir, if your defense is that your people were not there, that one of your defendants was at Lake Oconee and that the

---

[3] *Jackson v. State*, 271 Ga. 705, 706 (1) (523 SE2d 871) (1999).

[4] *Ellis v. State*, 240 Ga. App. 498, 500 (1) (a) (523 SE2d 914) (1999); *Jones v. State*, 239 Ga. App. 832, 836-838 (2) (521 SE2d 614) (1999).

[5] *Van Alstine v. State*, 263 Ga. 1, 3 (426 SE2d 360) (1993).

[6] Id.

[7] Id. at 4.

other defendant was in a trailer in Barrow County then lesser included offenses have nothing to do with the case and are inconsistent. If you want to try to go in front of a jury, or at least in my experience, and say, "Well, my defendants weren't there, but if they were there you ought to find them guilty of this," I find that that is a pretty ineffective defense.

The burden was on the Shelnutts to establish that they received ineffective assistance of counsel.[8] Here, the record is devoid of any evidence indicating that the Shelnutts would have entertained a suggestion from trial counsel to submit charges concerning lesser included offenses to the jury.[9] Rather, the hearing transcript clearly reflects that both defendants wanted to present their case to the jury on the basis of alibi defenses. Given the fact that the Shelnutts consistently denied being present at the scene of the alleged offenses, trial counsel did not err in making the strategic decision not to request that the jury consider the lesser included offenses of reckless conduct and assault.[10] The trial court did not clearly err in concluding that trial counsel's performance was not ineffective in this regard and that the Shelnutts did not demonstrate prejudice resulting from the alleged deficiency.[11]

4. The Shelnutts argue that trial counsel was ineffective because he failed to object to "prejudicial hearsay and irrelevant material which was harmful." The Shelnutts point to two statements made by the victim (a response to how the yelling and cursing made him feel and testimony that his daughter saw the Shelnutts commit the offenses) to which they contend trial counsel should have objected.. We find no error in the trial court's conclusion that trial counsel was not ineffective in this regard.

Decisions as to whether to interpose certain objections fall within the realm of trial tactics and strategy and usually provide no basis for reversal of a conviction.[12] In this instance, trial counsel testified at the hearing on the motion for new trial as follows:

As a general rule unless I see evidence that is doing something to extremely harm my case I am not a jackrabbit defense attorney, I don't jump up and object at every technical objection that I see coming along, because I feel like if I do that has a tendency to give the jury the version that I am

---

[8] Id.

[9] *Roberts v. State*, 263 Ga. 807, 809 (2) (c) (439 SE2d 911) (1994).

[10] *Bertholf v. State*, 224 Ga. App. 831, 833 (2) (c) (482 SE2d 469) (1997).

[11] Id.; see also *Bowley v. State*, 261 Ga. 278, 280-281 (4) (404 SE2d 97) (1991); *Harshaw v. State*, 222 Ga. App. 385, 386-387 (2) (474 SE2d 226) (1996).

[12] *Herndon v. State*, 235 Ga. App. 258, 259 (509 SE2d 142) (1998).

trying to hide something, and I don't like to come across to the jury as an attorney that is trying to hide facts from them, and I make as few objections as I can, and even if that testimony was irrelevant, in the first place if it was irrelevant it probably wasn't very harmful, but I didn't feel like that particular testimony was objectionable, and even if it had been I would not have felt it was doing so much harm that I would have objected to it.

On a motion for new trial which asserts ineffective assistance of counsel, it is the defendants' burden to present affirmative evidence to rebut the presumption that trial counsel's actions are strategic in nature.[13] The Shelnutts failed to carry this burden. Furthermore, we find no reasonable probability that the outcome of the trial would have been different had the Shelnutts' trial counsel objected to the specified testimony.[14] Because the trial court's finding that the Shelnutts were not denied effective assistance of counsel in this regard is not clearly erroneous, we must affirm it.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED MARCH 10, 2000.

*James W. Smith*, for appellants.
*Robert W. Lavender, District Attorney, Marsha L. Dooley, Assistant District Attorney*, for appellee.

[13] *Smith v. State*, 234 Ga. App. 586, 589 (1) (a) (ii) (506 SE2d 406) (1998).
[14] *Brumelow v. State*, 239 Ga. App. 119, 123 (5) (520 SE2d 776) (1999); *Herndon*, supra at 259-260.