A00A0991. PITTMAN v. THE STATE.
(533 SE2d 769)

McMURRAY, Senior Appellate Judge.

Bennie Pittman was charged with rape and child molestation for having sexual intercourse with a 12-year-old girl when he was 50. He was convicted of child molestation but acquitted of rape. Based on Pittman's prior conviction in Virginia of raping his stepdaughter, the trial court sentenced him to 20 years, to serve 15. He appeals from the denial of his motion for new trial, challenging the sufficiency of the evidence and the effectiveness of his trial counsel. *Held*:

1. On appeal, this Court does not weigh the evidence or determine the credibility of witnesses. Rather, we determine if the evidence, viewed in a light most favorable to uphold the verdict, is sufficient to enable a rational trier of fact to find all the essential elements of the crime charged beyond a reasonable doubt.[1]

Viewed in this light, the evidence presented at trial reveals that on the date of the incident, Pittman, whose brother lived next door to the victim, picked up the victim from school and drove her to a hotel. The victim testified that Pittman asked her to lie down on the bed and undress, and she complied. He put on a condom; she became frightened. He began to have relations with her. Afterward, Pittman took her shopping and to a restaurant.

The victim testified that she did not tell her mother right away because she was afraid of getting "fussed at." Pittman told the victim not to disclose the incident to anyone because he would get into trouble. The victim finally told her mother, several weeks later. The victim's mother testified as to what her daughter told her.

Pittman testified in his own defense. He stated that he had twice called the Fulton County Department of Family & Children Services ("DFACS") to report that the victim's home had no water, gas, or

---

[6] *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560).
[1] *Shelnutt v. State*, 242 Ga. App. 723 (531 SE2d 122).

lights and that the children were filthy. The defense theorized that the victim had accused Pittman of sexual abuse in retaliation for reporting the victim's mother to DFACS. The victim's mother denied this.

Pittman admitted taking the victim to his hotel room but stated that his daughter had been present as well. Pittman denied that any sexual activity occurred. Pittman's daughter had given a statement to the defense team two years after the incident, but she died prior to trial and portions of her statement were read to the jury. The statement indicated that the daughter *thought* she was in the room the entire time the victim and her father were there.

It was within the jury's sole province to resolve conflicts in the testimony. "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. [Cit.]" *Jackson v. State*, 239 Ga. App. 77 (1) (519 SE2d 746). The evidence sufficed to support Pittman's conviction of child molestation.[2]

2. Pittman next contends that his appointed trial counsel was ineffective because he (a) moved for a mistrial in the jury's presence and (b) failed to secure the attendance of a subpoenaed witness. We disagree.

The burden is on the defendant claiming his trial counsel was so ineffective as to deny him a fair trial under the Sixth and Fourteenth Amendments to show:

> (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

(Citation and punctuation omitted.) *Ivory v. State*, 234 Ga. App. 858, 861 (4) (508 SE2d 421). The trial court's determination on this issue will be upheld unless it is clearly erroneous.[3]

(a) When a DeKalb County detective explained on direct examination how he became involved in the investigation of this incident, he testified: "The mother of [the victim] advised the Atlanta Police that both of her daughters — ." Defense counsel moved for a mistrial, without asking the court to excuse the jury. The court stated it would explain to the jury that the case involved only one person. Trial counsel renewed his motion for a mistrial, which was denied. The following colloquy ensued:

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).
[3] *Lowe v. State*, 241 Ga. App. 335 (1) (526 SE2d 634).

The Court: I ask the jury to disregard it because I don't know what we are talking about. We have only one case in front of us and that's all we are talking about.

Mr. Silas: But the jury has heard all of it and it was blatant, they should have instructed him beforehand.

The trial court excused the jury and admonished counsel: "You should have asked the jury to be excused rather than jump up and make a motion for mistrial like that. . . . I was trying to gloss over it as best I could. . . . You compounded the problem by your own actions." When the jury returned, the trial court instructed it in pertinent part:

There has been no report to this officer or anybody else about any other improper conduct toward any other daughter. This case is about this daughter, there is nothing, no suggestion of any sort of improper attitude or conduct towards any other daughter. . . .

The court then inquired whether any juror felt prejudiced by the testimony that the victim's mother brought both daughters when she filed a complaint. All jurors responded negatively.

Pretermitting whether trial counsel's performance was deficient, in view of the trial court's thoughtful instructions, no reasonable probability exists that the outcome of this case would have been different had counsel requested that the jury be excused before he moved for a mistrial.[4]

(b) Pittman's trial counsel was not deficient for failing to ask the court to compel the attendance of a witness who purportedly would have testified that the victim had falsely accused him of molesting her.

Before admitting proof of a victim's false allegation of sexual misconduct, the trial court must conduct a hearing, outside the presence of the jury, to determine whether a reasonable probability exists that the victim made a prior false accusation of sexual misconduct.[5] "Reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome."[6] The defendant bears the burden of coming forward with evidence at the hearing. The trial court's ruling will not be overturned absent an abuse of discretion.[7]

The evidence presented at the hearing on this matter revealed

---

[4] *Ivory,* 234 Ga. App. at 861 (4), supra.

[5] *Smith v. State,* 259 Ga. 135, 136 (1) (377 SE2d 158); *Weldy v. State,* 239 Ga. App. 849 (1) (521 SE2d 858); *Trusty v. State,* 237 Ga. App. 839, 840 (2) (517 SE2d 91).

[6] (Punctuation omitted.) *Strickland v. State,* 205 Ga. App. 473, 474 (422 SE2d 312).

[7] Id.

that the witness under subpoena, Robinson, was the victim's mother's former live-in boyfriend. The victim testified Robinson molested her three times and she told her mother about each incident, but her mother did not believe her. The victim also testified that she had first been molested by her stepfather, when she was nine years old. The stepfather was convicted and imprisoned. The trial court found the victim's testimony credible and determined that the defense had failed to establish a reasonable probability that the victim had falsely accused Robinson of sexual misconduct. The defense thus was barred from questioning the victim about those allegations in front of the jury, although the issue was left open in the event Robinson appeared to testify.

Trial counsel made diligent albeit unsuccessful efforts to locate Robinson before and during trial. Nor could Robinson be found to testify at the hearing on Pittman's motion for new trial. Trial counsel testified at the hearing that although Robinson would have stated that the victim had falsely accused him of sexual abuse, Robinson was privy to other information that may have been damaging to Pittman's case. In particular, Robinson would have contradicted Pittman's testimony that after the incident, the victim's demeanor remained positive toward Pittman. Robinson also would have revealed that Pittman took Robinson's younger sister to his hotel room, although no sexual activity occurred. Accordingly, trial counsel's failure to seek to compel Robinson's attendance at trial did not fall below an objective standard of reasonableness.[8]

A review of the record demonstrates that trial counsel thoroughly investigated the case and implemented trial strategy so effective that Pittman was acquitted of rape. It was not error to deny his motion for new trial on the basis of ineffective assistance of counsel.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED APRIL 13, 2000.

*Mark R. Gaffney,* for appellant.

*J. Tom Morgan, District Attorney, Robert M. Coker, Charles C. Flinn, Assistant District Attorneys,* for appellee.

---

[8] *Ivory,* 234 Ga. App. at 861 (4), supra.