## A01A0277. REED v. THE STATE.
### (545 SE2d 655)

MIKELL, Judge.

A jury convicted Tony Orlando Reed of one count of armed robbery, three counts of forgery in the first degree, two counts of forgery in the second degree, two counts of financial transaction card fraud,

---

one count of financial transaction card theft, and one count of theft by deception. He was sentenced to serve a total of 25 years, including 15 for the armed robbery. Reed appeals from the denial of his motion for new trial. We affirm.

1. Reed maintains that his trial counsel rendered ineffective assistance when she failed to present evidence of his alibi defense for the armed robbery. This enumeration of error is meritless.

Reed's trial counsel, Yvonne Twyman-Williams, died prior to the hearing on the motion for new trial.[1] At the hearing, Reed and his mother testified that they had informed counsel before trial that Reed was at home at the time the crime was committed. Reed testified that trial counsel told him mid-trial that she did not elicit alibi testimony because she forgot.

> The burden of establishing the ineffective assistance of trial counsel is a heavy one that requires an appellant to establish both that counsel's performance fell below an objective standard of reasonableness, and that, but for counsel's deficient performance, there is a reasonable probability that the outcome of the trial would have been different.[2]

A trial court's determination that an accused has been afforded effective assistance of counsel will be upheld unless it is clearly erroneous.[3]

(a) As for the first prong of this test,

> there is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance and that any challenged action might be considered sound trial strategy. In the absence of testimony to the contrary, counsel's actions are presumed strategic.[4]

In this case, Reed offered no expert testimony showing that the decision to forgo alibi testimony was anything other than sound trial strategy. To the contrary, the only expert who testified, assistant district attorney Anne Long, stated that she and Twyman-Williams discussed the case on numerous occasions before trial; that Twyman-Williams adamantly maintained that the victim had fabricated the armed robbery; and that when Long and Twyman-Williams reviewed

---

[1] The hearing took place nearly three years after trial.

[2] *Wallace v. State*, 272 Ga. 501, 503-504 (3) (530 SE2d 721) (2000). See *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SC 2052, 80 LE2d 674) (1984).

[3] *Ross v. State*, 231 Ga. App. 793, 795-796 (1) (499 SE2d 642) (1998).

[4] (Citation, punctuation and emphasis omitted.) *Jackson v. State*, 230 Ga. App. 292, 293 (1) (496 SE2d 315) (1998).

the evidence, Twyman-Williams never mentioned that she possessed any evidence to support an alibi defense. Accordingly, the only expert testimony presented supported the trial court's finding that counsel's decision was a strategic one.

> If we continue to second guess trial counsel on strategy and tactics when counsel have faithfully and diligently performed their function, we would have a proliferation of appeals on the flimsiest of grounds. It is important for appellate judges to remember that a defendant is entitled to a fair trial but not a perfect one, for there are no perfect trials.[5]

We agree with the trial court that Reed failed to show that trial counsel's performance fell below the standard of reasonably effective assistance.

(b) Even if trial counsel's performance had been deficient, Reed has failed to establish a reasonable probability that his trial would have ended differently if the alibi testimony had been introduced. At the hearing on the motion for new trial, Reed's mother testified that Reed was home working on his car on the morning the armed robbery was committed, September 4, 1996. Ms. Reed also stated that she had taken vacation from work during the first two weeks of September because she was planning to move. However, Ms. Reed testified at trial that she took vacation leave from work during the last two weeks of September 1996. When asked about this discrepancy during cross-examination, Ms. Reed testified that she was sick during September and thus was on leave for the entire month. The trial court found this alibi testimony incredible, and on appeal, this Court must accept the trial court's findings regarding the credibility of witnesses and disputed facts.[6] It follows that the trial court's determination that the presentation of this testimony would have had no reasonable likelihood of altering the outcome of the trial is not clearly erroneous. The trial court properly denied Reed's motion for new trial on the basis of ineffective assistance of counsel.

2. Reed next asserts that the trial court erred in permitting the state to introduce rebuttal testimony concerning the good character of the armed robbery victim, Jeffrey Walker. Walker's supervisor at work testified that Walker had a good reputation at work; that he would believe Walker's testimony; that Walker was not excessively tardy or absent; and that he had not seen Walker display bizarre or erratic behavior. The evidence was offered to rebut Reed's testimony that Walker had amassed significant debts related to drugs and pros-

---

[5] (Citation and punctuation omitted.) Id. at 294.
[6] *Ramsey v. State*, 272 Ga. 28, 30 (3) (526 SE2d 842) (2000).

titution and that when Reed met Walker, Walker was intoxicated or on drugs. Reed had testified that Walker and a man named "G" had coerced him into participating in a credit card scam and that "G" told Reed that Walker owed "G" "serious" money due to drugs and prostitution.

Reed contends that the supervisor's testimony concerning Walker's punctuality and behavior was irrelevant because Walker did not begin the employment at issue until four months after the armed robbery. While we find the testimony only marginally relevant, "[e]vidence of doubtful relevancy or competency should be admitted and its weight left to the jurors."[7] Moreover, "the admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion."[8] We cannot conclude that the trial court in the instant case clearly abused its discretion in admitting the evidence on this basis. In any event, harm, as well as error, must be shown for reversal.[9] Walker's sister testified in detail concerning Walker's work habits during the time the crimes were committed. Because similar testimony was admitted without objection, we find it highly probable that any erroneous admission of the testimony objected to did not contribute to the jury's verdict.[10]

Reed also contends that the evidence constituted improper bolstering of Walker's credibility because the state had elicited the bad character evidence concerning Walker during Reed's cross-examination. This is factually inaccurate. The record shows that Reed testified on direct that "G" had told Reed that "G" "was supplying something" for Walker. Considering Reed's testimony that his involvement in the credit card fraud arose out of a third party's drug debt to "G," the jury could have inferred that "G" was supplying drugs to Walker. Additionally, when asked on cross-examination what Walker's demeanor was like, Reed offered that Walker was intoxicated or on drugs. It is clear from a reading of the transcript that the defense attempted to show that Walker was involved in illicit activity for which he owed "G" money. As the state is permitted to rehabilitate a witness whose credibility has been attacked, the trial court did not err in refusing to exclude the testimony on this ground.[11]

Finally, Reed contends the testimony exceeded the proper scope

[7] (Citation and punctuation omitted.) *Hestley v. State*, 216 Ga. App. 573, 576 (2) (455 SE2d 333) (1995).

[8] *O'Neal v. State*, 254 Ga. 1, 3 (3) (325 SE2d 759) (1985).

[9] *McIntyre v. State*, 266 Ga. 7, 10 (4) (463 SE2d 476) (1995).

[10] *Johnson v. State*, 238 Ga. 59, 61-62 (230 SE2d 869) (1976).

[11] *Nance v. State*, 272 Ga. 217, 222 (5) (526 SE2d 560) (2000).

of good character evidence permissible under OCGA § 24-9-84. "[G]ood character may be proved only by testimony of a witness as to the reputation of the person whose character is in issue."[12] A character witness may not be questioned regarding specific instances of conduct.[13] However, at trial, Reed objected to the testimony only on the ground that it was irrelevant. An alternate objection may not be raised for the first time on appeal.[14]

*Judgment affirmed. Blackburn, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 16, 2001.

*Lynn M. Kleinrock*, for appellant.

*J. Tom Morgan, District Attorney, Kristin L. Wood, Assistant District Attorney*, for appellee.

---

[12] *Waters v. State*, 248 Ga. 355, 366 (5) (283 SE2d 238) (1981).
[13] *Perguson v. State*, 221 Ga. App. 212, 217 (4) (470 SE2d 909) (1996).
[14] *Williams v. State*, 244 Ga. App. 26, 27 (2) (535 SE2d 8) (2000).