A02A0567. GENTRY v. THE STATE.
(564 SE2d 845)

PHIPPS, Judge.

A jury found Randy Thomas Gentry guilty of three counts of child molestation for placing his hand on five-year-old K. L. C.'s vaginal area, for exposing his penis to her, and for placing his hand on the buttocks of her six-year-old brother, T. D. C. On appeal, Gentry contends that the evidence was insufficient to sustain his convictions and that the trial court denied him a "meaningful" continuance. Because the record reveals that the evidence was sufficient and that the trial court did not abuse its discretion in ruling on Gentry's motion for a continuance, we affirm.

Construed in a light most favorable to the jury's verdict, the evidence showed that on October 23, 2000, K. L. C., T. D. C., and their six-year-old playmate, S. M., visited Gentry's residence. When they returned to the home of K. L. C. and T. D. C., T. D. C. told his mother, "my bottom is hurting" and "he touched my bottom and hurt my sister." K. L. C. told her mother that "the man touched her [']monkey,[']" a word that she used for her vaginal area. K. L. C.'s mother testified that she examined K. L. C.'s vaginal area and that it was red, swollen, and "opened up."

On October 26, a physician examined K. L. C. and T. D. C. and found tears in K. L. C.'s hymen area. She testified that K. L. C.'s vaginal opening seemed "very wide," and that these findings were consistent with K. L. C.'s statement to her that "someone had put a finger in her monkey." She further testified that T. D. C. seemed worried as she examined his rectal area, but seemed fairly comfortable during the remainder of his examination.

Also on October 26, Glenda Holt, a social services supervisor of the county's Department of Family & Children Services, interviewed K. L. C. and T. D. C. K. L. C. told Holt that Gentry had "messed with [her] private . . . [with] his hand," that Gentry had "[s]tuck his finger up [T. D. C.'s] butt," and that Gentry had taken off his pants and "show[n] [her] his private." T. D. C. told Holt that he had seen a man take off his underwear and touch his "butt . . . in the front."

On October 27, K. L. C. pointed to Gentry's photograph when asked whether she could identify from a lineup the man who had

"touched her monkey." T. D. C. separately pointed to Gentry's photograph when asked whether he could identify the man who had "hurt his butt."

K. L. C. testified at trial that Gentry had touched her private with his hand, that Gentry had touched T. D. C. in the back near his underwear, that Gentry had shown her the front part of his body usually covered by pants, and that he had told her, "don't tell."

As similar transaction evidence, the State presented the testimony of Gentry's fifteen-year-old niece, who stated that when she was five or six years old, Gentry touched her vaginal area with his hands and showed her his penis.

Gentry testified that K. L. C., T. D. C., and S. M. came to his residence on October 23. He denied exposing himself or inappropriately touching or molesting any of them. He also denied his niece's allegations.

1. Gentry contests the sufficiency of the evidence, pointing to what he claims are weaknesses and inconsistencies in the evidence. But it was within the jury's sole province to resolve conflicts in the testimony.[1] This court does not weigh the evidence or assess the credibility of witnesses; rather, we determine whether the evidence, viewed in a light most favorable to the verdict, was legally sufficient under the standard of *Jackson v. Virginia*.[2] We find that the evidence was sufficient to support Gentry's convictions for child molestation.[3]

2. Gentry claims that the trial court erred by denying him a continuance when it was disclosed for the first time at trial that S. M. had been interviewed by Holt and the case investigator and that a tape of the interview allegedly had been made.

During the State's presentation of its case, a sheriff's investigator assigned to the case testified that she had interviewed S. M. The State went on to call five other witnesses and then rested. At that point, Gentry's attorney requested a continuance, claiming that the defense had not known that S. M. had been interviewed. The record reveals that the court allowed Gentry's attorney to recall the investigator, who then testified that she did not know whether S. M.'s interview had been recorded. The court continued the trial until the next morning to allow Gentry's attorney time to interview S. M. Within 40 minutes, Gentry's attorney returned to court and announced that he had interviewed S. M. and would be ready to proceed the following morning, which he did — without asking for any additional time.

A trial court's ruling on a motion for continuance is within the sound discretion of the trial court and will not be disturbed absent a

---

[1] *Pittman v. State*, 243 Ga. App. 564, 565 (1) (533 SE2d 769) (2000).
[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Pittman*, supra at 564.
[3] See *Pittman*, supra at 564-565.

showing of abuse of that discretion.[4] And "[i]n no case will the trial judge's ruling be reversed for not going further than requested."[5] We find that the trial court did not abuse its discretion by not allotting additional time that Gentry's attorney did not request and represented that he did not need. Moreover, "[m]ere shortness of time for preparation does not in itself show a denial of the rights of the accused. He must show harmful error."[6] Gentry has failed to demonstrate how additional time would have benefitted him or how any lack of time harmed him. Furthermore, the record does not show that there was a tape of S. M.'s interview, and no such tape has been made a part of the appellate record for our consideration.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED MAY 3, 2002.

*Christopher G. Paul*, for appellant.

*T. Joseph Campbell, District Attorney, Sharon M. Fox, Assistant District Attorney*, for appellee.

---

[4] *Robinson v. State*, 202 Ga. App. 576, 577 (2) (a) (415 SE2d 21) (1992).

[5] (Citation and punctuation omitted.) *Bohannon v. State*, 230 Ga. App. 829, 835 (2) (498 SE2d 316) (1998).

[6] (Citation and punctuation omitted.) *Robinson*, supra.