## S89A0436. JONES v. THE STATE.
(385 SE2d 400)

SMITH, Justice.

Appellant Charles Jones was indicted for the murder of William L. Richardson. A jury found him guilty, and he was sentenced to life imprisonment. We affirm.[1]

The appellant and the victim were friends. Two witnesses testified that the four men spent the evening of Friday, March 11, 1988, drinking together at a location known as the "Firebarrel." A fight began and both witnesses testified that the victim "got the best of the fight." Neither witness testified about who started the fight or why it began.

The appellant and the victim returned to the Firebarrel on Saturday morning, March 12, and they left together on Saturday night. The appellant returned alone on Sunday morning, March 13. He told the witnesses that he had found the victim's body in the abandoned duplex which he occupied. The appellant later flagged down a passing police car and told the officer that "he knew where a dead body was."

The victim's nude, severely beaten and cut body was found in the hallway of the duplex. The medical examiner testified that the victim died of "generalized blunt trauma" consisting of multiple injuries to

---

[1] The crime was committed on or about March 13, 1988. The Fulton County jury returned its verdict of guilty on August 5, 1988. A motion to file an out-of-time appeal was filed on June 29, 1989 and granted on July 27, 1989. The out-of-time notice of appeal was filed on July 27, 1989. The transcript of evidence was filed on February 20, 1989. The record was docketed in this Court on August 16, 1989. The case was submitted by brief on September 5, 1989.

the head and chest. Blood was found on a number of items, including a broken stick and a pair of bloody white tennis shoes which were discovered in a closet under some clothes.

The appellant accompanied police officers to the station to make a statement. While there, he became a suspect, was placed under arrest, and made a voluntary statement. The appellant stated that when he came home Sunday night, he found the victim lying in the hallway of the dark duplex. He at first assumed that the victim had passed out from drinking, but he later noticed that the victim was nude, bloody, and apparently dead. The appellant stated that the bloody tennis shoes belonged to the victim; however, they fit the appellant's feet.

Subsequently, the appellant called the police and made a second voluntary statement. He stated that the victim came to the duplex Saturday night to borrow some dry clothes. While the appellant was retrieving the dry clothes, the victim suddenly began cursing and swinging a knife. The appellant used the stick to knock the knife out of the victim's hand, the stick broke, and he "kept hitting [the victim] and everything went blank, like a dream. And then when [the appellant] came to [his] senses, [the victim] was laying in the floor. . . ."

1. The evidence put forth at trial was sufficient for a rational trier of fact to have found proof of guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in proceeding with the trial without his presence in the courtroom. During jury deliberations, the trial court notified counsel for both sides that the jury had sent out a question requesting certain legal definitions. The trial court showed the proposed response to both attorneys and asked for objections. The appellant's attorney failed to object.

The record is silent on whether or not the appellant was present during this part of the proceedings; therefore, the appellant has not carried his burden of showing affirmatively by the record that error was committed. *Waldrop v. State*, 221 Ga. 319 (144 SE2d 372) (1965). The holding in *Collins v. State*, 191 Ga. App. 289 (381 SE2d 430) (1989), is inapplicable since the appellant was represented by counsel throughout the proceedings.

3. The appellant further contends that the trial court erred in failing to charge the jury to consider the victim's reputation for violence. Although two witnesses testified about a prior specific act of violence by the victim, i.e., the fight, no witness testified that the victim had a reputation for violence. The appellant failed to present any reputation testimony. The trial court did not err in finding that the requested charge was "not adjusted to the evidence presented in this case" and in refusing the requested charge.

4. The appellant contends that the trial court's charges on mur-

der and voluntary manslaughter improperly emphasized murder and improperly restricted the jury's deliberations. In charging the jury that it could not consider the question of voluntary manslaughter unless it first found the appellant not guilty of murder, the trial court followed the practice approved by this Court in *Alexander v. State*, 247 Ga. 780 (279 SE2d 691) (1981). See also *Hambrick v. State*, 256 Ga. 688 (353 SE2d 177) (1987). Therefore the charge was without error.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 9, 1989.

*M. Muffy Blue*, for appellant.

*Lewis R. Slaton, District Attorney, Rebecca A. Keel, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf*, for appellee.