## A91A1231. GORSKI v. THE STATE.
### (410 SE2d 338)

BIRDSONG, Presiding Judge.

Keith Gorski appeals his conviction for sexually molesting his son. He alleges the evidence is insufficient to sustain the verdict because the guilty verdict is inconsistent with the jury acquitting him of two counts of aggravated child molestation, and that the trial court erred by denying his motion for a psychological examination of the victim. *Held*:

1. On appeal the evidence must be viewed in the light most favorable to the verdict, Gorski no longer enjoys the presumption of innocence, the appellate court determines the sufficiency of the evidence and does not weigh the evidence or judge the credibility of the witnesses (*Grant v. State*, 195 Ga. App. 463 (393 SE2d 737)), and we do not speculate which evidence the jury chose to believe or disbelieve. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498).

Review of the evidence in this manner reveals that the victim in this case spontaneously stated that his father had molested him, and he repeated this statement in his testimony several times without significant variation. Further, the victim also related these complaints to other witnesses who then testified about his statements under the child hearsay act. Therefore, there is ample evidence from which any rational trier of fact could find beyond a reasonable doubt that Gorski was guilty of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99

SC 2781, 61 LE2d 560).

Moreover, the inconsistent verdict rule in criminal cases has been abolished in this state (*Milam v. State*, 255 Ga. 560 (2) (341 SE2d 216)), and a "jury is entitled to believe a part of the testimony of a witness and disbelieve other parts." *Williamson v. State*, 134 Ga. App. 583 (215 SE2d 518). Accordingly, Gorski's first enumeration of error is without merit.

2. Gorski's second enumeration of error is supported only by this statement: "A psychological evaluation pursuant to defense counsel's motion could have established that [the victim] was prone to lying and exaggerating." No authority is offered in support of this argument and, as no other reason is stated for the request, we assume that Gorski hoped to call the witness to state his expert opinion that the victim's testimony should not be believed. Such testimony, however, is inadmissible as the opinion of the psychologist on "the truthfulness or credibility of the victim was not beyond the ken of the jurors." *Smith v. State*, 259 Ga. 135, 138 (377 SE2d 158); *Smith v. State*, 247 Ga. 612, 619 (277 SE2d 678). Further, the question of a particular child's credibility is not properly the subject of expert testimony as it is reserved for the jury. OCGA § 24-9-80; *State v. Butler*, 256 Ga. 448, 450, n. 4 (349 SE2d 684); *Frasier v. State*, 143 Ga. 322 (85 SE 124); *Jennette v. State*, 197 Ga. App. 580, 582 (398 SE2d 734). Accordingly, we find no error in denying the motion.

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 5, 1991.

*Kenneth L. Gordon*, for appellant.

*William G. Hamrick, Jr., District Attorney, Monique F. Kirby, Assistant District Attorney*, for appellee.