## A00A2214. GOSNELL v. THE STATE.
(544 SE2d 477)

JOHNSON, Presiding Judge.

A grand jury indicted Paul Gosnell on two counts of aggravated sodomy and two counts of aggravated child molestation for acts committed against his son. A jury found him guilty of one count of aggravated sodomy and one count of aggravated child molestation. The trial court granted Gosnell's motion for new trial as to the jury's verdict for aggravated sodomy, but denied Gosnell's motion as to the jury's verdict for aggravated child molestation. Gosnell appeals from this ruling, asserting (1) individual voir dire of two prospective jurors was conducted at the bench without his presence, (2) the state elicited opinions from two expert witnesses regarding the ultimate issue, (3) the state elicited an opinion from an expert witness regarding the victim's credibility, and (4) he was denied effective assistance of counsel. Because each of these assertions lacks merit, we affirm Gosnell's conviction for aggravated child molestation.

1. Gosnell first contends that questions were asked of two prospective jurors during individual voir dire at the bench when he was not present and did not waive his presence. According to the record, Gosnell's attorney requested the individual voir dire, and Gosnell was present in the courtroom when the trial judge held the individual voir dire at the bench.

A defendant and his attorney have a constitutional right to be present at every stage of the defendant's trial, including voir dire.[1] Pretermitting the question of whether Gosnell's presence in the courtroom satisfies the requirement that he be present during individual voir dire which occurs at the bench, Gosnell has failed to show that he was unable to see and hear the voir dire at the bench. Since Gosnell has failed to carry his burden of showing affirmatively by the record that error was committed,[2] we cannot say that the trial court

[1] *Speed v. State*, 270 Ga. 688, 690 (2) (512 SE2d 896) (1999).
[2] See *Jones v. State*, 259 Ga. 603, 604 (2) (385 SE2d 400) (1989).

erred in denying Gosnell's motion for new trial on this ground.

2. Gosnell contends that questions directed to a doctor who examined the victim and the detective investigating the case were improper because they elicited opinions regarding the ultimate issue in the case: whether the victim was molested and whether Gosnell committed the crime. He further contends that another medical expert improperly commented on the victim's credibility. While we find that error occurred in all three instances, we also find that the error does not require a reversal of Gosnell's conviction.

(a) Georgia courts have repeatedly held that a witness, including an expert witness, may not express his or her opinion as to whether a child has been molested.[3]

The record in the present case shows that the detective who investigated the case was asked questions by Gosnell's attorney regarding his decision to reopen the investigation. In response, the state asked the detective whether his decision not to prosecute Gosnell in the initial investigation was a good decision or a bad decision. The detective replied that from what he now knew, it was a bad decision. The state then asked him, "Now that you have in fact prosecuted him, have you fulfilled what was requested, did you go through your investigation and find the man who did it?" The detective responded, "yes. I did." We agree with Gosnell that the questions to the detective and his responses were improper.[4] The detective's comments were not based upon his professional knowledge or skill. And, the detective did not testify to any professional observations that formed the basis for his conclusions. He simply expressed his unsupported opinion that Gosnell was the perpetrator of the offense. This conclusion was a matter strictly within the province of the jury, and the admission of his testimony was error.

The record further shows that counsel for the state asked a doctor who examined the victim, "Did you formulate an opinion in this case as to whether or not [the victim] had been molested?" The doctor replied "yes" and was then asked, "And what is that opinion, please, sir?" The doctor responded that, given the victim's story and the exam, it was "quite likely" that the victim had been molested. The state does not argue that the testimony is proper, and we agree with the trial court's ruling that the testimony was an improper comment on the ultimate issue at trial.

(b) It is well established that credibility of witnesses is exclu-

---

[3] See *Allison v. State*, 256 Ga. 851, 853 (6) (353 SE2d 805) (1987); *Putnam v. State*, 231 Ga. App. 190, 191 (2) (498 SE2d 340) (1998); *Hilliard v. State*, 226 Ga. App. 478, 479-480 (487 SE2d 81) (1997).

[4] See *Putnam*, supra at 191-192.

sively for determination by the jury,[5] and the credibility of a victim may not be bolstered by the testimony of another witness.[6] Although a medical expert may testify that certain symptoms or history described by a child are consistent with molestation,[7] an expert cannot directly or indirectly vouch for the victim's credibility.[8]

The record in the present case shows that a pediatrician who examined the victim testified that her physical findings were negative and there was no evidence that the victim's anus was torn. The pediatrician was asked, "Does that tell you that what he is saying is not true?" She responded, "No." While this question may have been asked merely to allow the expert to explain her negative findings, the expert could have been asked a myriad of other questions to elicit an explanation. The question asked and the expert's response clearly commented on the victim's credibility and were improper.

(c) Having determined that the testimony complained of was error, we must decide whether its admission amounts to plain error in the absence of any objection by Gosnell's trial counsel.[9] As a general rule, a party cannot object to the admission of evidence after the evidence has been admitted without objection; failure to object at the time the evidence is offered amounts to a waiver of any objection which might have been raised.[10] However, there is an exception to this general rule in cases of plain error.[11] "Plain error is that which is so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or which seriously affects the fairness, integrity or public reputation of a judicial proceeding."[12] Although we do not condone the state's conduct, we cannot say that any of the errors in this case amounts to plain error.[13]

In the present case, neither the detective's and the doctor's comments on the ultimate issue nor the second doctor's single comment bolstering the victim's credibility was the only evidence linking Gosnell to the crime.[14] The victim consistently testified and told others that Gosnell "stuck his goober up my butt" and "stuck it up my mouth." Other evidence supporting Gosnell's conviction included

---

[5] OCGA § 24-9-80.

[6] See *Roberson v. State*, 214 Ga. App. 208, 210 (4) (447 SE2d 640) (1994).

[7] *Atkins v. State*, 243 Ga. App. 489, 490-496 (2) (533 SE2d 152) (2000).

[8] *Putnam*, supra at 192.

[9] See id. at 193 (3).

[10] See *Buice v. State*, 239 Ga. App. 52, 56 (2) (520 SE2d 258) (1999).

[11] Id.

[12] (Citation and punctuation omitted.) Id.

[13] This state does not follow a "cumulative error" rule of prejudice; any error of record must stand or fall on its own merits and is not aided or aggravated by the accumulative effect of other claims of error. See *Forehand v. State*, 267 Ga. 254, 256 (7) (477 SE2d 560) (1996); *Polk v. State*, 225 Ga. App. 257, 259 (1) (d) (483 SE2d 687) (1997).

[14] See *Buice*, supra.

medical evidence of molestation and Gosnell's previous conviction for aggravated child molestation of another of his children. Given this other evidence, we find it improbable that any of the complained-of errors was the deciding factor for the jurors.[15] The trial court did not err in denying Gosnell's motion for a new trial based on these errors.

3. Gosnell next argues that the trial court erred in refusing to grant his motion for new trial because he received ineffective assistance of trial counsel. He bases his ineffective assistance argument on the fact that his trial counsel failed to object to the above testimony commenting on the ultimate issue in the case and bolstering the victim's credibility. He also cites one other instance where the victim's credibility was allegedly bolstered by his own trial attorney.

Gosnell bears the burden of establishing that he received ineffective assistance of trial counsel, and the trial court's finding that Gosnell's trial counsel was effective will be upheld unless it is clearly erroneous.[16] To meet his burden of proof, Gosnell must show not only that his trial counsel's performance was deficient, but also that the deficiency so prejudiced his defense that, but for trial counsel's performance, a reasonable probability exists that the result of the trial would have been different.[17] To succeed in his claim, Gosnell

> must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct. We will not reverse on the basis of ineffective assistance of counsel unless trial counsel's conduct so undermined the proper functioning of the adversarial process that the trial could not reliably have produced a just result.[18]

It is well established that the decision of whether to interpose certain objections is a matter of trial strategy and tactics.[19] As such, these decisions usually provide no basis for a reversal of a defendant's conviction.[20] Additionally, trial counsel testified at the motion hearing that on at least one occasion she "did not take the question to be a comment on whether [the victim] was believable."

Pretermitting whether trial counsel's decision not to object to the challenged testimony constituted ineffective assistance of counsel, it does not require reversal because Gosnell has failed to establish that the testimony so prejudiced his defense as to affect the outcome of his

---

[15] See id.

[16] See id. at 59 (6); *Polk*, supra at 260 (1) (d).

[17] See *Mency v. State*, 228 Ga. App. 640, 642 (2) (492 SE2d 692) (1997).

[18] (Citations and punctuation omitted.) Id.

[19] See *Herndon v. State*, 235 Ga. App. 258, 259 (509 SE2d 142) (1998).

[20] Id.

trial.[21] For the reasons discussed in Division 2, we are persuaded that the statements regarding the ultimate issue and the statements bolstering the victim's credibility were not so significant as to have contributed to the jury's verdict, especially in light of the consistency in the victim's statements, the medical evidence submitted to the jury, and Gosnell's previous conviction for aggravated child molestation.[22] The trial court's finding in the present case is not clearly erroneous. In fact, counsel was so effective that Gosnell was acquitted on one count of aggravated child molestation and one count of aggravated sodomy. It was not error to deny his motion for new trial on this ground.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 9, 2001.

*Douglas L. Henry*, for appellant.
*Michael H. Crawford, District Attorney, E. Jay McCollum, Assistant District Attorney*, for appellee.

---

[21] *Mency*, supra at 645 (2) (c).
[22] See *Buice*, supra; *Moss v. State*, 216 Ga. App. 711, 714 (5) (455 SE2d 411) (1995).