A05A2100. PATTERSON v. THE STATE.
(628 SE2d 618)

ADAMS, Judge.

Randall Patterson was convicted of child molestation and aggravated battery.[1] Patterson appeals, contending that the trial court erred by allowing the State's expert witness, Dr. Battle,[2] to testify over objection that she did not believe the victim made up the allegations against Patterson. We agree that the trial court erred by admitting this testimony and reverse.

---

[1] The victim was 15 years old at the time the acts were committed, and 17 at the time of trial.

[2] Dr. Battle was qualified as an expert in both clinical psychology and forensic interviewing.

The transcript shows that the State asked Dr. Battle the following question on direct examination: "And at any time did you ever feel like [the victim] made up the story that she told you to get back at her father?" Dr. Battle responded, "No." On cross-examination, defense counsel asked Dr. Battle if she knew that Patterson had placed the victim on telephone restriction or possibly refused to allow the victim to participate in certain social activities, matters which had been brought out during cross-examination of the victim while Dr. Battle was not present in the courtroom. Dr. Battle testified she did not have any knowledge of these disciplinary issues. On redirect examination, the prosecuting attorney asked Dr. Battle if she believed that the victim made up the allegations against Patterson "for any reason." Dr. Battle responded, "No."

Patterson objected to Dr. Battle's testimony on the basis, inter alia, that it improperly invaded the province of the jury. After a lengthy discussion, the trial court, relying on *Smith v. State*, 257 Ga. App. 88, 92 (4), (5) (570 SE2d 400) (2002), found the testimony admissible to rehabilitate the victim's credibility, which had been attacked during cross-examination. This ruling is enumerated as error on appeal.

In *Smith*, a licensed clinical social worker responded negatively to the question of whether she thought the victim made up the allegations of sexual abuse against the defendant " 'just to get more control.' "[3] Id. at 92 (4) (b). Another witness, "a therapist," testified that in her opinion the victim was not sophisticated enough to fabricate a story just to get someone in trouble. On appeal, the defendant argued that his trial counsel was ineffective for failing to object to the testimony by the social worker and that testimony, as well as the testimony of the therapist, which was admitted over objection, impermissibly bolstered the victim's credibility and expressed an opinion on the ultimate issue to be decided in the case. Id. at 92 (4), (5). This court, relying on *Nance v. State*, 272 Ga. 217, 221 (5) (526 SE2d 560) (2000),[4] found that the testimony was properly admitted to rehabilitate the victim's credibility, in light of the defendant's admitted trial strategy of attacking the victim's veracity, a

---

[3] The witness further explained her answer that she did not believe the victim made up the story because "his affect was congruent with what he was saying. He'd become very upset and very emotional. He remained consistent and he looked like a child – like a nine-year-old functioning at his level, in my experience, should look like. I mean, he looked very genuine." *Smith v. State*, 257 Ga. App. at 92 (4) (b).

[4] *Nance* was a death penalty case in which the Supreme Court allowed the witness to be rehabilitated by testimony which arguably violated the rule against the admission of victim impact evidence. Neither *Nance* nor *Reed v. State*, 248 Ga. App. 107, 110 (2) (545 SE2d 655) (2001), also cited by the Court in *Smith*, concerned the issue of the admissibility of expert testimony to rehabilitate a witness whose credibility had been attacked.

tactic, the Court noted, that defense counsel "employed throughout the trial." *Smith v. State*, 257 Ga. App. at 92 (4) (b).

Despite the similarity between *Smith* and the case at hand, Patterson urges that the trial court erred in admitting Dr. Battle's testimony, arguing that *Smith* is a departure from well-established case and statutory law prohibiting the admission of expert opinion testimony that bolsters the credibility of a witness or expresses an opinion on the ultimate issue of whether the defendant is guilty of the crime charged. We agree that *Smith* must be overruled to the extent that it allows an expert to give an opinion on a witness's credibility or to express an opinion on the ultimate issue of the defendant's guilt for the purpose of rehabilitating the credibility of a witness whose veracity has been attacked. "We have repeatedly held that a witness, even an expert, can never bolster the credibility of another witness as to whether the witness is telling the truth." (Citation and punctuation omitted.) *Mann v. State*, 252 Ga. App. 70, 72 (1) (555 SE2d 527) (2001). It is indeed well settled that

> [i]n no circumstance may a witness' credibility be bolstered by the opinion of another, even an expert, as to whether the witness is telling the truth. An expert witness may not testify as to his opinion of an ultimate issue of fact unless the inference to be drawn from the evidence is beyond the ken of the jurors. Credibility of a witness is not beyond the ken of the jurors but, to the contrary, is a matter solely within the province of the jury. An expert witness may not testify as to his opinion of the victim's truthfulness. An expert witness may testify generally about the ability of children of a certain age to distinguish truth from falsity. The witness may also express an opinion as to whether medical or other objective evidence in the case is consistent with the victim's story. However, an expert witness may not put his or her stamp of believability on the victim's story.

(Citations and footnote omitted.) *State v. Oliver*, 188 Ga. App. 47, 50-51 (2) (372 SE2d 256) (1988). E.g., *Smith v. State*, 259 Ga. 135, 138 (2) (377 SE2d 158) (1989); *Harper v. Patterson*, 270 Ga. App. 437, 442 (3) (a) (606 SE2d 887) (2004); *Gosnell v. State*, 247 Ga. App. 508, 509-510 (2) (b) (544 SE2d 477) (2001); *Buice v. State*, 239 Ga. App. 52, 54-55 (2) (520 SE2d 258) (1999); *Roberson v. State*, 214 Ga. App. 208, 210 (4) (447 SE2d 640) (1994); *Guest v. State*, 201 Ga. App. 506, 507 (1) (411 SE2d 364) (1991).

As we more recently explained in *Harper v. Patterson*, 270 Ga. App. at 442-443 (3) (a):

Georgia does not allow witnesses to opine that a party or victim is lying or telling the truth, for under [OCGA § 24-9-80] credibility is a matter solely within the province of [a] jury. An expert witness may not testify as to his opinion of the victim's truthfulness. The courts of this State have allowed an exception to the general rule in limited circumstances when the conclusion is beyond the ken of the average layman. It is only where: the nature of the question is such that the factors leading to a conclusion are not known to the common or average man, but are among those things shrouded in the mystery of professional skill or knowledge, that the opinion or conclusion of an expert should be deferred to as to an ultimate issue.

(Citations and punctuation omitted.) Id. at 442 (3) (a).[5]

We have found no case[6] other than *Smith* in which the longstanding prohibition against an expert testifying about a witness's truthfulness has given way to allow the admission of such testimony to rehabilitate a witness whose credibility has been attacked. This issue was squarely before our Supreme Court in another case involving a defendant named Smith. In *Smith v. State*, 259 Ga. at 138 (2), the defendant was convicted of rape, statutory rape, child molestation and cruelty to children. At trial, several defense witnesses testified they would not believe the victim under oath. After these witnesses testified, the trial court allowed the State's expert to testify that she believed the victim told the truth about the allegations against Smith during her interviews with the victim. Our Supreme Court found the trial court erred in admitting the expert's testimony under these circumstances.

The rule in this state is that "an expert may not testify as to his opinion as to the existence *vel non* of a fact . . . unless the inference to be drawn from facts in evidence is beyond the ken of the jurors — that is, unless the jurors, for want of specialized knowledge, skill, or experience, are incapable of

---

[5] There is nothing in this case to suggest that the determination of the victim's credibility was beyond the ken of the jurors. Compare *Eberhardt v. State*, 257 Ga. 420, 422 (4) (359 SE2d 908) (1987), in which a psychiatrist was permitted to testify that the alleged victim, who was suffering from a mental illness, was capable of " 'knowing truth from nontruth.' " In this circumstance, the competency of the witness to testify is not within the realm of the jury's knowledge, and expert testimony to aid the jury would be admissible.

[6] Although *Robinson v. State*, 275 Ga. App. 537, 537-538 (1) (621 SE2d 770) (2005), relies on *Smith*, it concerned the rehabilitation of the witness through the defendant's own prior taped statement, and no issue was raised concerning the introduction of expert testimony for this purpose.

drawing — from facts in evidence — such an inference for themselves. *Smith* (*v. State*, 247 Ga. 612, 619 (277 SE2d 678) (1981))." *Allison v. State*, 256 Ga. 851, 853 (5) (353 SE2d 805) (1987). In the present case, the truthfulness or credibility of the victim was not beyond the ken of the jurors. . . .

Id.

Similarly in *Guest v. State*, 201 Ga. App. at 507 (1), this Court rejected the contention that testimony from the investigating officer that he believed the victim about the allegations of abuse was properly admitted at trial after the defendant opened the door to this testimony through its cross-examination of the officer. "Although it is true, as the State argues, that in some cases the State may be permitted to elicit otherwise objectionable testimony when the defense 'opens the door,' *that reasoning has not been applied to evidence regarding credibility.* [Cits.]" (Emphasis supplied.) Id.

In our view, there are sound reasons why an expert should not be allowed to testify about a witness's credibility even, or it might be argued, especially, when the credibility of the victim has been attacked. Clearly, given the expert witness's knowledge and training, testimony that the expert believes the victim is "particularly compelling to . . . jurors. [Thus, i]t is for this reason that our courts have consistently held that expert witnesses may not testify regarding truthfulness or credibility. [Cits.]" *Buice v. State*, 239 Ga. App. at 55 (2). And we have recognized that this testimony may be given particular weight when the credibility of the witness is a key issue in the case. In *Roberson v. State*, 214 Ga. App. at 210 (4), after finding the trial court erred in allowing a clinical social worker to give her opinion about the victims' credibility, we went on to also hold that such error could not be deemed harmless, given that the evidence of guilt was not overwhelming, *and that the credibility of the witnesses was a key issue in the case.*

Moreover, allowing an expert to give his or her opinion about the credibility of a victim whose veracity has been attacked would place defendants and their counsel in a difficult, if not impossible, trial strategy situation: challenge the allegations against them by attacking the credibility of the victim,[7] only to open the door to the State's experts opining that the victim is telling the truth, or avoid attacks on the victim's credibility, which in many cases would mean the defendant would be left without any meaningful defense. We must be ever

---

[7] It is worth noting that the prohibition against the admission of expert testimony *concerning the credibility of the victim is applied with an even hand. Just as the State's expert cannot say the victim is telling the truth, an expert for the accused cannot say the victim is lying. Gorski v. State*, 201 Ga. App. 122, 123 (2) (410 SE2d 338) (1991).

mindful that at the time of trial, the defendant only stands accused — not convicted — of the crimes charged, is presumed to be innocent and is entitled to a fair trial.

Based on the foregoing, we find that this Court's opinion in *Smith v. State*, 257 Ga. App. at 92 (4), (5), must be overruled to the extent that it conflicts with the prior holdings of this Court prohibiting expert opinion testimony bolstering the credibility of a witness. It follows that the trial court in this case erred in admitting the testimony of the State's expert that she believed that the victim did not fabricate the charges against Patterson, and that Patterson is entitled to a new trial on this basis.

In light of the foregoing, it is unnecessary for us to address Patterson's remaining enumeration of error.

*Judgment reversed. Ruffin, C. J., Andrews, P. J., Johnson, P. J., Blackburn, P. J., Smith, P. J., Barnes, Miller, Ellington, Phipps, Mikell and Bernes, JJ., concur.*

DECIDED MARCH 10, 2006.

*Whitmer & Law, George H. Law III*, for appellant.
*Lee Darragh, District Attorney, Gregory E. Radics, Assistant District Attorney*, for appellee.