## A09A1125. SAXTON v. THE STATE.
### (685 SE2d 780)

BERNES, Judge.

Following a jury trial, Adam Saxton was convicted of aggravated assault with a deadly weapon and possession of a firearm during the commission of a felony. Because the trial court committed prejudicial error by allowing the circumstances of Saxton's arrest into evidence, we reverse.

Viewed in the light most favorable to the jury verdict, the evidence shows that on March 26, 2005, the victim, accompanied by a passenger, was driving home from the corner store when Saxton flagged the car down. According to the victim, he recognized Saxton as the brother of his girlfriend, Mia Saxton. After the victim stopped the car, Saxton approached the passenger's side of the vehicle, identified himself as "Chris," and asked the victim if he had seen Mia. The victim replied that he had not. Saxton asked the victim to call him if he saw her and gave the victim a telephone number. As the victim was entering the number into his cell phone, he glanced over and saw the barrel of a gun. Saxton shot the victim five times — twice in the head, twice in the chest, and once in the face. The car's passenger slapped the victim's knee, causing the victim to hit the gas pedal, and the car took off and subsequently crashed into a yard.

Several months later, Saxton was arrested in Columbus. Before trial, Saxton made a motion in limine to exclude the circumstances of his arrest. The trial court denied Saxton's motion, and at the subsequent trial, a patrol officer with the Columbus police department testified concerning Saxton's arrest on November 2, 2005. The officer testified that on that date, he arrested Saxton after approaching his vehicle on an unrelated traffic offense. The officer activated his blue lights, walked up to the driver's side of the vehicle, and asked to see Saxton's license and insurance. When Saxton responded by opening the glove box of the vehicle, the officer saw a box containing 50 rounds of bullets. The officer inquired about where the firearm was located that went with the bullets, and Saxton hesitated before claiming that "the gun was at home." As the officer continued standing beside the vehicle, Saxton became hostile and belligerent, and he tried to reach down to his right side multiple times, although the officer warned him repeatedly to keep his hands on the steering wheel. Concerned that Saxton was attempting to reach for a weapon, the officer drew his firearm, handcuffed Saxton, and removed Saxton

from the vehicle. Once Saxton had been removed from the vehicle, the officer conducted a pat-down search and discovered a loaded 9-millimeter pistol in Saxton's waistband. After the officer arrested Saxton, he learned for the first time through a computer check that Saxton was wanted on charges in connection with the March 26 shooting.

In his opening statement, the prosecutor told the jury that the 9-millimeter pistol in Saxton's possession was not the gun used to shoot the victim, but that it showed Saxton's state of mind. The prosecutor referenced the evidence of the arrest again during closing argument and contended that it "tells you that [Saxton] is easily aggravated and he likes to carry a loaded gun."

1. The evidence set forth above was sufficient for any rational trier of fact to find Saxton guilty beyond a reasonable doubt of the charged crimes. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Saxton contends that it was reversible error for the trial court to permit the state to introduce into evidence the patrol officer's testimony regarding the circumstances of his arrest. We agree.

(a) As a general rule, circumstances connected with a defendant's arrest are admissible into evidence. *Nichols v. State*, 282 Ga. 401, 403 (2) (651 SE2d 15) (2007). Nevertheless,

> that is not the end of the inquiry because the evidence still must be shown to be relevant. And the circumstances connected with an accused's arrest are not automatically relevant. Rather, such evidence is subject to the same standard of relevancy and materiality applicable to other evidence. Indeed, when evidence of certain circumstances surrounding the arrest is wholly unrelated to the charged crime, the arrest is remote in time from the charged crime, and the evidence is not otherwise shown to be relevant, it should not be admitted, and thus, it is an abuse of the trial court's discretion to do so.

(Citations and punctuation omitted.) Id. "If the circumstances around an arrest are not part of the res gestae and are not relevant and material to the questions in issue, there is no basis for its admission into evidence." *Shelton v. State*, 252 Ga. App. 444, 448 (3) (556 SE2d 540) (2001).

Here, the circumstances of Saxton's arrest were both wholly unrelated and remote in time to the charged crime. Further, the state did not contend that the 9-millimeter handgun found by the officer in Columbus was the gun used in the shooting. Without more, that Saxton was arrested for an unrelated matter in Columbus, over

seven months after the alleged crime, carrying a gun and acting belligerently toward a police officer, was not probative of any issue in the case, including Saxton's identity as the person who shot the victim. See *Nichols*, 282 Ga. at 403-405 (2) (evidence of weapons, which were not used in the shooting of the victim, that were found in defendant's home at the time of his arrest nine days after the shooting was not probative of defendant's guilt); *Benford v. State*, 272 Ga. 348, 350 (3) (528 SE2d 795) (2000) (because defendant was arrested six weeks after alleged crime, which was committed with a shotgun, evidence of his possession of .22 caliber gun during the subsequent arrest was improperly admitted). Compare *Simmons v. State*, 251 Ga. App. 682, 683-684 (1) (555 SE2d 59) (2001) (where arrest was for the crime for which defendant was on trial, the defendant possessed a handgun at time of arrest, and a handgun was used in the charged crime, circumstances of arrest were admissible). Nor was the evidence of Saxton's arrest admissible to show Saxton's propensity for violent behavior. See *Nichols*, 282 Ga. at 403-405 (2). Consequently, the trial court abused its discretion in allowing the circumstances of Saxton's arrest into evidence.

(b) "Error alone is not automatically grounds for a new trial but is subject to scrutiny for harmless error." (Citation and punctuation omitted.) *Shelton*, 252 Ga. App. at 448 (3). According to the state, any error in the admission of the circumstances of Saxton's arrest was harmless because the evidence of his guilt was overwhelming. We cannot agree.

There was no physical evidence connecting Saxton to the crime. Rather, the evidence of Saxton's guilt was based on the testimony of the victim and the car passenger, who made in-court identifications of Saxton as the shooter. The passenger also identified Saxton in a pretrial photographic lineup prepared by a police investigator. But the victim, who testified that he knew Saxton prior to the shooting,[1] was unable to identify Saxton as the perpetrator in the pretrial photographic lineup. Thus, there were circumstances that might cause a reasonable trier of fact to question the credibility of the identification testimony. Furthermore, the victim and car passenger told the investigator that the perpetrator was named Chris, leading the investigator originally to identify another person who lived in their neighborhood as the suspected shooter. Under these circumstances, where there was no physical evidence and the identification testimony arguably had been impeached, we cannot conclude that the evidence of Saxton's guilt was overwhelming. See *Nichols*, 282

---

[1] As noted previously, the victim recognized Saxton as his girlfriend's brother. According to the police investigator, Saxton was one of four brothers.

Ga. at 405 (2). Accordingly, Saxton is entitled to a new trial. See id.

3. Saxton also claims that the state failed to prove that the crime occurred in Fulton County and that his conviction must be reversed for failure to establish venue. We disagree.[2]

The evidence showed that after the gunman leaned into the car and shot the victim on Fairway Street, the vehicle traveled an indeterminate distance to the corner of Sahara Drive and Fairway, where it crashed into a yard. An investigator testified that he responded to the crime scene on Sahara Drive, which was located in Fulton County.

> If a crime is committed upon any . . . vehicle . . . traveling within this state and it cannot readily be determined in which county the crime was committed, the crime shall be considered as having been committed in any county in which the crime could have been committed through which the . . . vehicle . . . has traveled.

OCGA § 17-2-2 (e). Since the victim was assaulted in a vehicle traveling through Fulton County, the state proved venue beyond a reasonable doubt. See *Prudhomme v. State*, 285 Ga. App. 662, 665 (2) (647 SE2d 343) (2007); *Harris v. State*, 279 Ga. App. 570, 573 (2) (631 SE2d 772) (2006).

4. Saxton's remaining enumerations of error are moot in light of our decision in Division 2.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 20, 2009.

*Charles H. Frier*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Stephany J. Luttrell*, Assistant District Attorney, for appellee.

---

[2] Even if we agreed with Saxton, a reversal due to failure to establish venue does not bar a new trial. *Jones v. State*, 272 Ga. 900, 905 (4) (537 SE2d 80) (2000).